**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

GARLAND CLAY RAINWATER,       )
                                 )
         Plaintiff,          )
                                 )
v.                            )     Case No. 15-CV-491-GKF-FHM
                                 )
CAROLYN W. COLVIN, Acting       )
Commissioner, Social Security       )
Administration,             )
                                 )
         Defendant.    )

**OPINION AND ORDER**

Before the court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits to plaintiff Garland Clay Rainwater ("Rainwater") [Doc. No. 20], and the Objections thereto filed by Rainwater [Doc. No. 21]. The Magistrate Judge recommends the Commissioner's decision be affirmed. For the reasons set forth below, the objections are overruled and the Report and Recommendation is adopted.

**I. Procedural History**

On September 5, 2012, Rainwater applied for supplemental security income benefits, based upon disability beginning January 1, 2004. [Doc. No. 12-2, p. 14]. The Social Security Administration ("SSA") denied Rainwater's application both initially and on reconsideration. [*Id.*]. As a result, Rainwater requested and received a hearing before Administrative Law Judge Edmund C. Werre (the "ALJ") on January 29, 2014. The ALJ issued a written decision denying benefits on March 28, 2014. The SSA Appeals Council denied review of that decision on April

28, 2015.  Consequently, the ALJ's opinion represents the Commissioner's final decision for

purposes of this appeal.  20 C.F.R. §§ 404.981, 416.1481.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 72(b)(3), the court "must determine *de novo* any part of the

magistrate judge's disposition . . . properly objected to.  The district judge may accept, reject, or

modify the recommended dispositions; receive further evidence; or return the matter to the

magistrate judge with instructions."  In the disability benefits context, *de novo* review is limited

to determining "whether the factual findings are supported by substantial evidence in the record

and whether the correct legal standards were applied."  *Doyal v. Barnhart*, 331 F.3d 758, 760

(10th Cir. 2003).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Id.*  It is more than a scintilla, but less than a preponderance.

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the court will "neither reweigh

the evidence nor substitute [its] judgment for that of the agency."  *White v. Barnhart*, 287 F.3d

903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800

(10th Cir. 1992)).

## III. Analysis

Rainwater lodges nine objections to the Magistrate Judge's Report and Recommendation.

For the reasons set forth below, the court overrules those objections and considers each in turn.

First, Rainwater objects that the ALJ's RFC assessment did not include limitations on his

ability to understand, remember, or perform detailed instructions.  [Doc. No. 21, p.1].  To that

end, Rainwater argues the jobs identified by the vocational expert do not reflect or account for

his reasoning ability.  [*Id.* at 2].  That argument lacks merit.  To start, the ALJ limited Rainwater

2

to simple, unskilled, routine, and repetitive tasks. [Doc. No. 12-2, p. 20]. And the occupations

selected by the vocational expert reflected those restrictions. Each position required Rainwater

to perform "detailed but uninvolved" instructions through use of common sense. [Doc. No. 12-2,

p. 31]; DOT App'x C, Components of the Definition Trailer, 1991 WL 688702 (G.P.O.); DOT

No. 920.587-018, 1991 WL 687916 (4th ed. rev. 1991) (Hand Packager); DOT No. 706.684-022,

1991 WL 679050 (Small Products Assembler I); DOT No. 713.684-038, 1991 WL 679267

(Eyeglass Frames Polisher); DOT No. 208.685-010, 1991 WL 671753 (Collator Operator); DOT

No. 209.587-010, 1991 WL 671797 (Addresser). Those reasoning requirements comport with

the narrative opinion of Drs. Lindsay and Cochran, who concluded Rainwater was "capable of

simple and repetitive work tasks for a sustained period of time." [Doc. No. 12-2, p. 28].

Accordingly, the ALJ's opinion was substantially justified—there was no conflict between the

ALJ's RFC determination and vocational assessment. *Stokes v. Astrue*, 274 Fed. App'x 675, 684

(10th Cir. 2008) (affirming vocational assessment requiring level two reasoning in light of

limitations to simple, repetitive, and routine work).

Second, Rainwater objects that the ALJ's RFC assessment failed to adequately restrict his

social interactions. [Doc. No. 21, pp. 2–3]. The court is unpersuaded. The ALJ expressly

limited Rainwater to "relat[ing] to coworkers and supervisors for work purposes only with

[minimal to no] contact with the general public." [Doc. No. 12-2, p. 20]. That conclusion was

supported by medical evidence of Disability Determination Service ("DDS") experts [Doc. No.

12-2, pp. 28–29] and anecdotal evidence [*id.* at 24–25]. And, in any event, the alleged error is

harmless—the jobs selected for Rainwater by the vocational expert require a low "people rating"

and insignificant "people aspect." *See supra*, at __; DOT App'x B, Explanation of Data, People,

& Things, 1991 WL 688701.

3

Third, Rainwater objects that the ALJ's RFC assessment did not reflect his variable persistence. Not so. As described above, Rainwater was limited to unskilled, routine, and repetitive tasks. [Doc. No. 12-2, p. 20]. In fact—and contrary to Rainwater's allegations—DDS experts concluded Rainwater *could* work, provided he was limited to "simple and repetitive work tasks for a sustained period of time" "at an appropriate pace." [*Id.* at 28]. Any assertion to the contrary is belied by the record.

Fourth, Rainwater objects that the ALJ erred in relying on Dr. Clayton's opinion, which was incomplete. [Doc. No. 21, pp. 4–5]. Of course, the ALJ relied on more than that. Primary care, [Doc. No. 12-2, p. 22–23], hospitalization, [*id.* at 22], emergency room, [*id.* at 21–22], and psychiatric treatment [*id.* at 21–26] records factored heavily into the ALJ's RFC assessment. Many of those documents discussed Rainwater's neuropathy and COPD/asthma, which the ALJ noted were being effectively treated with medication. [*Id.* at 21–22, 26].[1] But again, any alleged error is harmless. Even assuming Rainwater could not perform medium work, his RFC permitted him to perform a substantial number of jobs identified by the vocational expert in the sedentary or light work categories. [Doc. No. 12-2, pp. 30–31]; *cf. Rogers v. Astrue*, 312 Fed. App'x 138, 142 (10th Cir. 2009). The ALJ's decision was supported by substantial evidence.

Fifth, Rainwater objects that the ALJ improperly weighed the opinion of Dr. Doty. But this court does not sit to reweigh evidence in disability determinations. *See Casias*, 933 F.2d at 800. In this case, the ALJ's judgment was sound. Rainwater contends the ALJ improperly discounted Dr. Doty's opinion for omitting functional limitations despite crediting Dr. Root's

---

[1] To the extent Rainwater objects that the ALJ erred in failing to include specific functional limitations associated with his neuropathy, that argument is waived. *See Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174 n.51 (10th Cir. 2005). And in any case, "there is no requirement . . . for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

analysis, which did the same. [Doc. No. 21, p. 6]. Rainwater mischaracterizes the record.[2] The

ALJ assigned "little weight" to Dr. Doty's opinion for failing to *relate* functional limitations—

which appeared in his opinion—to the types of work Rainwater could perform. [Doc. No. 12-2,

p. 28]. The ALJ also explained that Dr. Doty's opinion was inconsistent with other medical

evidence—to wit, a psychiatric evaluation, diagnostic assessment, and psychological consulting

examination. [*Id.*]. Rainwater's challenge to the relative weight assigned to the evidence is

without merit. *See Casias*, 933 F.2d at 800; 42 U.S.C. § 405(g).

Sixth, Rainwater objects that factual misconceptions—not substantial evidence—

underpinned the ALJ's decision. Specifically, Rainwater claims the ALJ erroneously considered

his alcohol dependence and smoking habit and omitted discussion of pain experienced during a

physical examination. [Doc. No. 21, p. 7]. Neither contention has merit. At the hearing, the

ALJ inquired into Rainwater's alcohol and tobacco consumption in assessing Rainwater's

compliance with recommended treatment. [Doc. No. 12-2, pp. 59-60]. To the extent the ALJ

drew an adverse inference from Rainwater's conduct—and the written opinion suggests none—

that credibility determination was proper. *Bainbridge v. Colvin*, 619 Fed. App'x 384, 387 (10th

Cir. 2015). Moreover, failing to discuss pain experienced prior to the alleged onset of disability

is harmless. The ALJ's RFC assessment was supported by the following evidence and

testimony: (1) Rainwater cared for himself in his daily activities; (2) Rainwater socially

interacted with others, even if sporadically; (3) objective medical evidence suggested only mild

degenerative changes in Rainwater's back; (4) treatment improved Rainwater's limitations; and

(5) Rainwater's sporadic work history prior to the alleged onset of disability casts doubt on his

---

[2] A word of caution. By repeatedly mischaracterizing the record, Rainwater's counsel mortgages his credibility with the court. Counsel is admonished to tread more carefully in future filings.

inability to work.  [Doc. No. 12-2, pp. 20–30]; *Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995) (prior work history bears on credibility determinations).

Seventh, Rainwater objects that the ALJ improperly relied on "boilerplate" language. [Doc. No. 21, o. 8].  Rainwater's counsel knows better.  The Tenth Circuit has rejected counsel's argument again, *Boehm v. Astrue*, 511 Fed. App'x 699, 703 n.3 (10th Cir. 2013) ("As Mr. Boehm's counsel well knows . . . this argument is unavailing here because the [boilerplate] language was preceded by a discussion of the evidence and factors used[.]"), and again, *see Polson v. Astrue*, 508 Fed. App'x 705, 708 (10th Cir. 2013) (similar), and again, *see Strickland v. Astrue*, 496 Fed. App'x 826, 835–36 (10th Cir. 2012) (similar).  As discussed above, the ALJ expressly tied his credibility determinations to specific facts in the record.

Eighth, Rainwater objects that the ALJ failed to specifically discuss third-party statements submitted on Rainwater's behalf.  That does not constitute reversible error.  *See Brescia v. Astrue*, 287 Fed. App'x 626, 630–31 (10th Cir. 2008) ("While the ALJ did not explicitly discuss the statements of [claimant's] sister and friend, we do not believe this omission is grounds for a remand given the nature of their evidence, which was largely cumulative[.]").  Moreover, the statements identified by Rainwater failed to discuss functional limitations, referenced events before the relevant time period, or were flatly contradicted by other evidence credited by the ALJ.  Accordingly, any failure to discuss third-party statements was harmless. SSR 06-03p, 2006 (S.S.A.), 2006 WL 2329939, at *6 ("Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain . . . the adjudicator generally should explain the weight given to opinions from these 'other sources' . . . *when such opinions may have an effect on the outcome of the case*.") (emphasis added).

Ninth, Rainwater objects that an occupation identified by the vocational expert—hand packager—is inconsistent with the temperature and atmospheric limitations contained in the ALJ's RFC.  [Doc. No. 21, pp. 9–10].  That has no bearing on other jobs Rainwater could perform identified by ALJ and vocational expert.  [Doc. No. 12-2, pp. 30–31].  Thus, any alleged error is harmless.  *See Strickland*, 496 Fed. App'x at 833–34 ("[E]ven if the ALJ should have included these limitations, there is no evidence that there are not a sufficient number of jobs in the two remaining categories . . . that [c]laimant can perform.").

WHEREFORE, the Plaintiff's Objections to the Magistrate's Report and Recommendation [Doc. No. 21] are overruled, and the Report and Recommendation [Doc. No. 20] is adopted as to the issues discussed herein.

IT IS SO ORDERED this 4th day of November, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT